## UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

## No. 11-4895

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WILSON LEE GARRETT, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:09-cr-00265-AW-1)

Submitted: August 17, 2012          Decided: August 23, 2012

Before GREGORY, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian K. McDaniel, BRIAN K. MCDANIEL & ASSOCIATES, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Christen A. Sproule, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilson Lee Garrett, Jr., appeals from the jury verdict convicting him of conspiracy to distribute and to possess with intent to distribute cocaine; attempt to possess with intent to distribute cocaine; possession with intent to distribute cocaine; and possession of firearms in furtherance of a drug trafficking crime. On appeal, he challenges the sufficiency of the evidence for two counts and the admission of certain evidence. We affirm.

I.

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt. Id. We will uphold the jury's verdict if substantial evidence supports it and will reverse only in those rare cases of clear failure by the prosecution. Id. at 244-45.

Garrett first contends that the evidence was insufficient to support his conspiracy conviction because, at most, it established nothing more than a buyer/seller

relationship between himself and David Zellars, a cooperating witness. If a distribution transaction includes an agreement that the buyer will resell the cocaine in the marketplace, the two participants to the distribution transaction have also "conspired" to the redistribution of the cocaine, a separate offense, and therefore can be found guilty not only of the distribution offense but also of a conspiracy offense. United States v. Edmonds, 679 F.3d 169, 174 (4th Cir. 2012). To prove conspiracy, the Government need not prove an explicit agreement and may rely upon indirect evidence from which the conspiracy agreement may be inferred. Thus, we have concluded that "the amount of cocaine involved in the distribution transaction, if sufficiently great, may indicate that the parties have engaged in the distribution transaction with an implicit agreement of further redistribution." Id. In addition, "the regularity of individual distribution transactions may indicate the existence of a conspiracy." Id. Moreover, "a transaction involving a consignment arrangement or the 'fronting' of drugs indicates conspiracy to engage in drug trafficking beyond the immediate distribution transaction." Id.

Here, the evidence showed that Garrett made repeated multi-kilogram cocaine purchases from Zellars, that Zellars fronted cocaine to Garrett on a regular basis, and that Zellars and Garrett had established a verbal code and ongoing

3

notifications regarding cocaine sales. Contrary to Garrett's contentions, this evidence showed more than just a buyer-seller relationship, and we conclude that the evidence was more than sufficient to support Garrett's conspiracy conviction. See United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008) (holding that continued relationships and repeated drug transactions between parties are indicative of a conspiracy, particularly when the transactions involve substantial amounts of drugs).

II.

Garrett next contends that the district court erred by permitting Zellars to testify about Zellars' "arrest for 70 kilograms of cocaine, his involvement in numerous high volume drug transactions and the drug network he helped bring down." Garrett asserts that none of this evidence was related to him and, as such, was irrelevant and highly prejudicial. While Garrett did not cite to the specific testimony of which he complains, Zellars testified as to where he obtained the cocaine he was going to sell to Garrett to redistribute. He also testified regarding his arrest following the seizure of a large shipment and his agreement to cooperate with the Government to provide information about Garrett and others. Garrett did not object to this testimony.

4

Rule 403 of the Federal Rules of Evidence provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.[*] Because Garrett did not challenge the admission of this testimony at trial, this claim is reviewed for plain error. To establish plain error, Garrett must demonstrate that: (1) there was error; (2) the error was "plain;" and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if the three elements of this standard are met, we may exercise our discretion to notice the error only if "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Initially, we find that the evidence was properly admitted to provide the context, detail, and scope of the conspiracy in which Garrett was involved. The testimony established where Zellars got the cocaine that he provided to Garrett, and it also explained how Zellars became a cooperating

---

[*] The Federal Rules of Evidence were stylistically amended in December 2011, after Garrett's conviction. The substance of the Rules, however, remained the same.

witness.   Furthermore, even assuming, arguendo, that the evidence should have been excluded, the evidence was not unfairly prejudicial and therefore its admission did not affect Garrett's substantial rights.   The evidence was neither lengthy nor likely to inflame the jury.   Thus, the district court did not commit plain error by allowing Zellars' testimony.

III.

Next, Garrett contends that the district court improperly allowed the Government to offer evidence of Garrett's previous arrest to impeach Garrett in violation of Federal Rule of Evidence 609 (permitting admission of certain prior *convictions* for the purposes of attacking a defendant's truthfulness).   During Garrett's cross examination, the Government asked Garrett if he made false statements to the police when he was questioned during a stop of his vehicle. Garrett denied making any false statement, and the Government then questioned Garrett about his statement to police that he had never been arrested before.   Specifically, over Garrett's objection, the Government asked Garrett whether he told police that he had been arrested in 2001 for assault and for using and carrying a handgun, and Garrett said he had not.

A district court's evidentiary rulings are reviewed for abuse of discretion, which occurs only when the district

6

court's decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding. <u>United States v. Johnson</u>, 617 F.3d 286, 292 (4th Cir. 2010). Further, evidentiary rulings are subject to harmless error review, such that any error is harmless where we may say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." <u>Id.</u> (quotation marks omitted).

Under Rule 608(b), evidence of Garrett's lie to the police was admissible as impeachment if probative of truthfulness or untruthfulness. <u>United States v. McMillan</u>, 14 F.3d 948, 956 (4th Cir. 1994). Garrett's testimony that he lied to the police (about the arrest and numerous other issues) clearly indicates a character for untruthfulness and, thus, was admissible under Rule 608(b). Accordingly, there was no abuse of discretion. Moreover, even if there was, this limited line of questioning was undoubtedly harmless given the plethora of evidence against Garrett.

IV.

Finally, Garrett asserts that there was insufficient evidence to show an intent to distribute the actual drugs found in his home, given the small amount (3.4 grams) and the fact

7

that the drugs were not found in proximity to drug paraphernalia. As such, Garrett contends that no reasonable mind could conclude that this cocaine was intended for anything other than personal use.

Intent to distribute narcotics may be inferred from a defendant's possession of drug-packaging paraphernalia or a quantity of drugs larger than needed for personal use. United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990). Possession of large amounts of cash and firearms constitutes "additional circumstantial evidence of . . . involvement in narcotics distribution." Id. at 731. Possession of an electronic scale may also constitute circumstantial evidence of an intent to distribute narcotics. United States v. Harris, 31 F.3d 153, 156-57 (4th Cir. 1994).

Viewing the evidence in the light most favorable to the Government, the evidence presented at trial overwhelmingly supports a finding that Garrett possessed the cocaine with an intent to distribute. Police found 3.4 grams of cocaine in a jacket in the master bedroom closet. An expert testified that the quantity of cocaine was inconsistent with personal use and constituted 34 dosage units of cocaine. Moreover, the cocaine was found in a jacket making the drugs mobile, as opposed to being in the nightstand with paraphernalia for personal use. In addition, the expert testified that the currency, digital scale,

8

money counter, six phones, and firearms found at Garrett's home indicated that Garrett was "a narcotics distributor." As such, Garrett's claim of insufficient evidence is without merit.

Based on the foregoing, we affirm Garrett's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED